**POLLEN et al. v. FORD INSTRUMENT CO., Inc.**

No. 8432.

District Court, E. D. New York.

June 14, 1938.

820

John V. Lizars, of New York City (Arthur Wright, of New York City, of counsel), for plaintiffs.

Victor D. Borst, of New York City (Stanchfield & Levy and David S. Hecht, all of New York City, of counsel), for. defendant.

BYERS, District Judge.

Motion for an order striking and dismissing the amended bill of complaint.

This is the second motion addressed to the pleadings in this cause, and ought to be the last.

■ The amended bill contains fifteen subdivisions and, in addition to allegations respecting the parties and the jurisdiction of the court, may be analyzed as follows:

Paragraphs numbered 1 to 7, inclusive, allege the application for and granting of six letters patent of the United States covering "range-clock" apparatus for determining citing data for Naval guns, Naval fire control apparatus, means and apparatus for charting the positions of ships at sea, and electric fire control for guns.

Paragraph 8 alleges the present ownership of the said several letters patent.

Paragraph 9 alleges expenditures in exploiting, developing and introducing the invention, but failure to make, use or sell said inventions during the six years next preceding the filing of the bill.

Paragraph 10 alleges that the defendant both prior to and after the issuance of the letters patent, and before the commencement of this suit, and before and within the six years last past, within the jurisdiction of this court, without license or permission from the plaintiffs, has infringed five of the six letters patent in question, and that the defendant is now making, using and selling the devices embodying the inventions claimed therein, and threatens to continue so to do.

So much of the bill may be deemed to plead a cause of action for an infringement.

Paragraph 11 alleges that in 1913 one of the patentees disclosed to the officials of the Navy Department of the United States "complete data, drawings and descriptions of the several inventions illustrated and described" in all of the letters patent in question, "as well as additional supplemental designs and information for use therewith or not, as desired, in strict confidence * * *."

■ Paragraph 12 alleges that during 1917 the defendant, with knowledge of the confidential character of the disclosures and in violation of the plaintiffs' rights and with the consent and cooperation of the Navy Department, did secure possession of said confidential drawings, etc., for the purpose of manufacturing the devices "herein complained of".

Paragraph 13 alleges that in furtherance of its unlawful acts "and other invasions of plaintiffs' rights constituting unfair trade", the defendant within this district and elsewhere in the United States manufactured, used and sold "devices and equipment as described in one or more of said letters patent, said data, drawings", etc., and threatens to continue "all the above-mentioned unlawful invasions of plaintiffs' rights, and unfair trade".

Paragraph 14 alleges that the defendant, in concert with the Navy Department, conceals "his said unlawful invasions of the plaintiffs' rights from your petitioners, and in furtherance thereof, has and does continue to fraudulently represent that the said devices, etc., are military secrets of the United States Government", although it has sold the same to other governments.

Paragraph 15 alleges profits and advantages to the defendant derived "from the aforesaid invasions and unfair trade".

Paragraphs 11 to 15, inclusive, present the first difficulty alluded to by the defendant's motion. If their truth be assumed, it is difficult, if not impossible, to assign to them a definite basis for any recognized cause of action. Perhaps they portray matters of evidence upon which the plaintiffs intend to offer proof of infringement of the letters patent, but this does not mean that the defendant must admit or deny these allegations.

They do not purport to recite instances of unfair competition with the plaintiffs, in that any products of the defendant's have

been palmed off by it as those of the plaintiffs.

The meaning of the words "and other invasions of plaintiffs' rights constituting unfair trade" occurring in paragraph 13 are so vague and indefinite as to convey no clear impression of what is in the pleader's mind.

The concert of action referred to in paragraph 14, between the Navy Department and the defendant, adds nothing to the infringement cause, and cannot itself be the subject of a decree, if infringement should not be established.

The only office that could be ascribed to the averments of that paragraph would be in connection with letters patent No. 1,077,965, which expired more than six years prior to the date of the filing of the bill herein, and that subject will be discussed presently.

Paragraph 15, if intended to allege that the defendant has made profits from infringing the letters patent, would be unobjectionable, but it is not so framed; the financial gains referred to are said to have arisen "from the aforesaid invasions and unfair trade", and it is difficult to ascribe any precise meaning to those words.

The fact is that there seems to be present in the mind of the pleader a second cause of action, which is lurking in the background of the bill, but which is so intangible and lacking in substance that he hesitates to bring it forward in any identifying garb, and in this respect no advance has been made by the pleader since the memorandum of March 23, 1938[1] (Judge Abruzzo) which resulted in an order permitting the plaintiffs to file an amended bill.

With reference to letters patent No. 1,077,965, it is obvious that the plaintiffs are without remedy, unless they allege facts from which it could be concluded that the defendant was guilty of the concealment of a cause of action whereby the plaintiffs were prevented from discovering the existence thereof. It is presently the view that paragraph 14 of the amended bill is not adequate in that behalf.

If there are facts known to the plaintiffs which, if proven, would toll the statute of limitations, they should have one more opportunity to allege them.

As a matter of discretion and so that the plaintiffs may have a fair opportunity to allege a cause of action in addition to one for patent infringement, if they conceive that such exists, they will be given an opportunity to file a second amended bill; that is to say, paragraphs 11 to 14, inclusive, of the amended bill will be stricken, as well as paragraphs 3 and 4 of the prayer for relief, and the plaintiffs will be given ten days from the date of service of an order hereon, within which to file a second amended bill and, in the event of their failure so to do, the bill will stand only as to paragraphs 1 to 11, inclusive.

Settle order.

---

[1] No opinion for publication.